# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

MANETIRONY CLERVRAIN   *
FRANCIS COBBINA OSEI-FOSU   *
("BRANDAKO")   *
  *
  *
Plaintiff(s),   *
     vs.   *   Case No.21-CV-00819
  *
PAUL FARROW, et al   *
  *
Defendant(s).   *
  *

]*************************************************************************[
## NOTICE(s), OR ["*INTERLOCUTOR OF APPEALS*"] OR FOR ["*COMPELLING NEED(s)*"] OPPOSITION BY THE ANT(S) NATIONAL TREATIES PRINCIAPL ACT( NTPA)
]*************************************************************************[

**A.** Pursuant to Fed. R. App. P. 3(c)(1) and 4(a), notice is hereby given that the following

parties, ["***Motion for ["Opposition(s"] or ["Criminal Intent(s) ]And/or ["Malicious"] against***

***freedmen of speeche(s), by the Ant(s) Freedom Act***"] ("TAFA") or the reconstruction of Rule

60(b) has for one of its purposes a clarification of this situation or *Note to Subdivision (a).* See

[former] Equity Rule 72 ["*(Correction of Clerical Mistakes in Orders and Decrees)*"];

*Mich.Court Rules Ann.* (Searl, 1933) Rule 48, §3; 2 *Wash.Rev.Stat.Ann.* (Remington, 1932)

§464(3); Wyo.Rev.Stat.Ann. (Courtright, 1931) §89–2301(3). For an example of a very liberal

provision for the correction of clerical errors and for amendment after judgment, see *Va.Code*

*Ann.* (Michie, 1936) §§6329, 6333. or in other words the courts failed to corrected his illegal

judgments in all of the circumstances of this cases for the alleged controversy claims or if

whether or the courts failed to apply the language from ("TAJA"), if the plaintiff  brings this

action by filing a 53-page [*"*__*Motion for Supplemental Injustice Adversely Affected ["The*__

__*Ants"], and for ["Related Mater(s)"] for Justification Act*__*"*] ("TAJA")." Attached to the Motion

are 170 pages of exhibits.

1) Under the above motions filed against the defendants, which the plaintiff is about to

file a form [AO91 (Rev. 11/11), [*__criminal complain__*"], that is for the courts to review plaintiff

intellect intents;

a) Under that form the plaintiff is questioning the ("INA"), under the code section of the

criminal code, which the  prosecutor will find the claims are substantial or matter if interfering

by legal rights;

b) To clarity to the courts ["21-02258"], DKt, 24, at 10, which the plaintiff stated that the

above parties, that is to be included  ("NIRTA), or part of the negotiation process, or  both civil

and criminal;

c) The first question for the courts if ['*__Exhibit(s)__*"] or the evidence attached to the courts,

required  additional  intervention  to  mitigating  serious  criminals,  or  his  first  amendment  is

arguable by laws;

["__*Section 241 - Conspiracy against rights*__"]

> *If two or more persons conspire to injure, oppress, threaten, or intimidate any person in*
> *any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of*

*any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured- They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.*

2) As such being the cases the duty of the United States Attorney (USA) is invoke under ("TADMA"), or also file across the country for the defendants to perform their duty or additional cases to be filed;

3) That is also include all of the defendants Nationwide, or for the same conspiracy claims, or related matter can be proving by Aggravated felony to be applied to those committed serious crimes;

4) To that Extent the plaintiff is suggesting ("VASPA"), or to (INA) is promoting scheme, and the need for repeal laws promoting frauds, can be justifies with the same, or they are related claims;

i) Under the criminal form, offense description, then the plaintiff is referred to ("MOCMA"), at page 231, to question the first decision by the (BIA) or if whether evidence by criminal intent;

ii) Under page, 232, the plaintiff is question the (INA) in conjunction if the (BIA) illegal decisions, within the same term of general offenses to be qualified as aggravated by violated statutory of rights;

a) Here, the word ["***unjust classification***"] can be supported by cases laws, in ***Kermarec***

***v. Compagnie Generale Transatlantique***, 358 U.S. 625, 630, (1959), that is for enabling power

of federal officials;

b) Then, the inventor has identify the first step before development stages, or before

applying the concept under (TANA) is to question if they are not committed administrative

crimes by laws;

c) That is because the officials will not be applied to denied any claims, or common

crimes is another issues, if they are involved in ["***Human rights***"] violation by means or tortured

and kidnapping;

d) The Court(s) must explained that American courts have carved numerous exceptions to

the classification system to mitigate ["***serious criminals***"], indeed, the classification has illegal

malicious intent;

e) The Court acknowledged the system's difficulties is presenting by the intellect, or to be

free to speech(s) without judicial officials intimidation, and the evidence will prevail to the

federal courts;

iii) That is because the plaintiff is asking for additional ["***equity demands***"], or if whether

["**civil cover sheet**"] is mandatory form, that is because the clerk of the courts failed to docketed

various cases filed;

iv) For instance as a notice  to the courts, under this case [21-CV-05700"], it appears that the judge assigned, or has been abused his power for his years. Or they are related mater to be litigate against;

v) Moreover, the claims against the judge, and clerk across the country is pending to file in the middle district of Florida,  or for them to perform their duty is matter of laws and fact by congress intent;

a) Here,the above court is being question within the docket information, that ["Exhibit(s) to support their criminal intent, if they failed to serve the defendants will justify additional evidence of facts;

b) The word malicious is not broad, in fact it can be support by the agencies actions, further under this case, at Dkt, 2, page 13 (v), or none of the courts have not mentioned on the docket statements;

c) They are confusing public interest, or that is for them to inquiring about injuries in facts, or evidence that the courts must certify the cases under Article III standing, or victim of serious criminals;

d) That is because the court must applied congress intent under the (INA) or ["*Humanitarian reasons*"]; or ["*family Unity*"], and ["*public interest*"]  is presenting by attorney to litigate;

["**NATIONAL TREATIES PRINCIPAL ACT**"] (NTPA)

**B.** The mere presence of a disputed issue that is a question of first impression, standing

alone, is insufficient to demonstrate a substantial difference of opinion ["*28 U.S.C. §(s) 1292*"]

on jurisdictional grounds; or following a bench trial, the trial courts could  exercise supplemental

jurisdiction over related claims brought under state law, or it could be maintain supplemental

matters;

["*Section 1292 - Interlocutory decisions*"](a) ["Except as provided in subsections (c) and

(d) of this section,

> The courts of appeals shall have jurisdiction of appeals from:(1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;(2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.(c) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction-(1) of an appeal from an interlocutory order or decree described in subsection (a) or (b) of this section in any case over which the court would have jurisdiction of an appeal under section 1295 of this title; and(2) of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting.(d)(1) When the chief judge of the Court of International Trade issues an order under the provisions of section 256(b) of this title, or when any judge of the Court of International Trade, in issuing any other interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.(2) When the chief judge of the United States Court of Federal Claims issues an order under section 798(b) of this title, or when any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken

*from such order, if application is made to that Court within ten days after the entry of such order.(3) Neither the application for nor the granting of an appeal under this subsection shall stay proceedings in the Court of International Trade or in the Court of Federal Claims, as the case may be, unless a stay is ordered by a judge of the Court of International Trade or of the Court of Federal Claims or by the United States Court of Appeals for the Federal Circuit or a judge of that court.(4)(A) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from an interlocutory order of a district court of the United States, the District Court of Guam, the District Court of the Virgin Islands, or the District Court for the Northern Mariana Islands, granting or denying, in whole or in part, a motion to transfer an action to the United States Court of Federal Claims under section 1631 of this title.(B) When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion. If an appeal is taken from the district court's grant or denial of the motion, proceedings shall be further stayed until the appeal has been decided by the Court of Appeals for the Federal Circuit. The stay of proceedings in the district court shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary. However, during the period in which proceedings are stayed as provided in this subparagraph, no transfer to the Court of Federal Claims pursuant to the motion shall be carried out.(e) The Supreme Court may prescribe rules, in accordance with section 2072 of this title, to provide for an appeal of an interlocutory decision to the courts of appeals that is not otherwise provided for under subsection (a), (b), (c), or (d).*

The Activist is informing the defendants and the courts those matter proceeds to trial, See *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249 (1992), [i]t is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute. *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, **282** (E. D. Pa. 1983) The second element of the certification analysis, and the one on which the parties most clearly differ, is whether there is a substantial ground for difference of opinion on the issue to be appealed. The question whether a [""***national contacts***"] analysis is appropriate when evaluating personal jurisdiction in a federal question suit against an alien defendant is one on which no appellate court has ruled. However, the mere fact that the appeal would present a question of first impression is not, of itself, sufficient to show that the question is one on which there is a substantial ground for difference of opinion. 16 C. *Wright, A. Miller, E. Cooper E. Gressman, Federal Practice and*

*Procedure,* § 3930 n. 6 (1977 Supp. 1983). The first question before us is whether there is, in fact ["***On the Motions Filed***"] for the courts of Appeals, or if whether or not the ["***Majority Opinion***"] will be substantial against the defendants by promoting discrimination defect within the ("INA"), or they failed to implemented or from the provisions, or must cover some logical or logicize of the word ["***Alien***"]in the interaction between the Special Rule for ["***Unconstitutional laws***"] or ["***Illegal Per Se***"], or for additional damages or general damages in light of the circumstances the courts failed to justifies their action by encouraging illegality, such that congress delegated authority to the agencies to fill a statutory gap [t]here is absolutely ambiguity in the plain reading of the statutes, as well as the various constitutional challenged, or the court failed under *Subdivision (b).* When promulgated, the rules contained a number of provisions, including those found in Rule 60(b) Since the rules have been in force, decisions have been rendered that the use of bills of review, ["***coram nobis"],*** or ["***audita querela"],*** to obtain relief from final judgments is still proper, and that various remedies of this kind still exist although they are not mentioned in the rules and the practice is not prescribed in the rules. It is obvious that the rules should be complete in this respect and define the practice with respect to any existing rights or remedies to obtain relief from final judgments. For extended discussion of the old common law writs and equitable remedies, the interpretation of Rule 60, and proposals for changing, see *Moore and Rogers, Federal Relief from Civil Judgments* (1946) 55 Yale L.J. 623. See also 3 *Moore's Federal Practice* (1938) 3254 *et seq.;* Commentary, *Effect of Rule 60b on*

*Other Methods of Relief From Judgment* (1941) 4 Fed.Rules Serv. 942, 945; *Wallace v. United*

*States* (C.C.A.2d, 1944) 142 F.(2d) 240, The transposition of the words "the court" and the

addition of the word "and" at the beginning of the first sentence are merely verbal changes, or

additional of the qualifying word "final" emphasizes the character of the judgments, orders or

proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not

brought within the restrictions of the rule, but rather they are left subject to the complete power

of the court rendering them to afford such relief from them as justice requires, or as the result of

the case is, the doctrinal implications are far more important. *Antonio School Dist. v.*

*Rodriguez*, 411 U.S. 1 (1973). Thus it is true that  the plaintiff is questioning the court for a

testing Facially Neutral Classifications which Impact on minorities for cancellation of removal

against the defendants by unreasonable directions, or they claimed to be appropriate against First

Times Offenders without even explain the plain meaning of Aggravate felony or ["***Unreasonable***

***Classification***"], such that Congress delegated authority to the agencies to fill a statutory gap

[t]here is absolutely ambiguities int he laws, or  in the plain reading of the statutes; of course

those therms or language are within the complaint filed against ["***supplemental Injustice***"], or

Manifest injustice that effecting the plaintiff to protect his legal rights, and to befitted the others

that could be benefited them regardless if a ["***PRO-SE***"] litigant can not litigate on their behalf,

but also a question for justification that is because if a litigant can not represent innocent family,

because he never admitted to certain group or class as an attorney, then we are questioning the

judicial power thought the Excursive branch is claim for review de novo, those restrictions can not just effected the plaintiff or those class that could possible benefited on the claims, ["**_adversely Affected_**"] ["The ANT(s)"] as explained under ("DIFTA") or Under his case [20-CV-00538] as additional evidence for intervention, or as they are ["**_Related Matters_**"] or ["**_National Relief(s)_**"] similarly, a classification that facially makes a distinction on the basis of sex, or alienage, or illegitimacy triggers the level of scrutiny appropriate to it. In _Washington v. Davis_, the Court held that is necessary that one claiming harm based on the disparate or disproportionate impact of a facially neutral law prove intent or motive to discriminate or the word ["**_Alien_**"] by itself is a classification that is ostensibly neutral but is an obvious pretext for racial discrimination or for discrimination on some other forbidden basis is subject to heightened scrutiny and ordinarily invalidation. _Rogers v. Lodge,_ 458 U.S. 613, 617 n.5 (1982). The Court must applied the same standard to a claim of selective prosecution allegedly penalizing exercise of First Amendment rights or compelling the agencies if the restriction to mail his motions as indigent could have been the proximate cause of violated _Federal Rule of Civil Procedure 59(e),_ if the court claims is legitimate, a court may alter or amend a judgment upon a motion filed later than 28 days after entry of the judgment, or after compelling the facts form the agencies to justified their actions, Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment if the evidence is substantial or where constitutional of access to the courts to ligate can be proving by both direct and substantial of the

evidence, or could have been the cause in fact of the violation of the ("PLRA") while in custody of the ("BOP") or a National reliefs against those with indigent status or should be excluded within the word [" *Deportable"]* or additional punishment without proper justification or they certainly additional ambiguities for ratification under *White v. N.H. Dep't of Emp't Sec.,* 455 U.S. 445, 450 (1982). But when it is contended that a law, which is in effect neutral, has a disproportionately adverse effect upon a racial minority or upon another group particularly entitled to the protection of the Equal Protection Clause, a much more difficult case is presented. *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 284–87 (1977) (once plaintiff shows defendant acted from impermissible motive behind his restriction by illegal laws, or restricted him to litigate against criminal enterprise, burden shifts to defendants to show result would have been same in the absence of that motive; constitutional violation not established merely by showing of wrongful motive); *Hunter v. Underwood,* 471 U.S. 222 (1985) (circumstances of enactment made it clear that state constitutional amendment requiring disenfranchisement for crimes involving ["*Extortion*"] had been adopted for purpose of racial discrimination against the activist to protect the protected class, even though they realized that some the restriction was applied for the purpose to publish their criminal enterprise or to invoke the public that their

Illegal Contracts with the ("MDC") or the Privatization Scheme is effecting his illegal removal as well as his detention for additional reliefs, or damages also be disenfranchised thereby, Also decided by the plurality was that discriminatory purpose is a requisite showing to

establish a violation of the various constitutional claims and of the Equal Protection Clause in the "fundamental interest" context, vote'dilution, rather than just in the suspect classification context. *Hunter v. Underwood*, 471 U.S. 222 (1985). Moreover, in *City of Mobile v. Bolden* a plurality of the Court apparently attempted to do away with the totality of circumstances test and to separately evaluate each of the factors offered to show a discriminatory intent, at issue was the constitutionality of the use of the ("INA") against ["***Permanent Resident***"] as additional claims for ambiguities. A decision must invalidated the laws by districting system as discriminatory within the plain meaning of the statutes by listing and weighing a series of factors which in totality showed invidious discrimination, but the Court did not consider whether its ruling was premised on discriminatory purpose or adverse impact or the restriction are subject to heightened scrutiny. *Craig v. Boren*, 429 U.S. 190 (1976). as explained before, Court seemed failed to determine if to accord Congress a degree of deference more commensurate with review of an agency actions, discounting portions of the legislative history as based on secondary source materials, supported by evidence and relevant to the inquiry at hand, or the alleged constitutional violations for additional findings int he development process. *Curtis v. Loether*, 415 U.S. 189, 194 (1974). In the above-named case appeal to the United States Court of Appeals for the Eighth Circuit within the definition for ["et, al"] by ["*Marriam-Webster's Dictionary of law*"] (2011) against the defendants on ("VICMA") as it defines, abbr ["*latin et alia*"] and others which the court failed to include int he docket information as matter of laws,  or this represent   a

controversy for common law or if the coverage of the Amendment is "limited to rights" to the

activist or against his movement and remedies peculiarly legal in their nature, and such as it was

not proper to assert in courts of law or on his illegal report or recommendations across the

country or for compelling needs  and by the appropriate modes and proceedings  of the courts

illegal Judgments is within this motion"["***Motion for Undue Financial Burdens or***

***Constitutional claims by the Grievous Educative Control Privacy Act***"] (GECPA), for the

courts to justified the claims for facial Attack  by the same token term "common law" was used

in contradistinction to suits in which equitable rights alone were recognized at the time of the

framing of the Amendment and equitable remedies were administered against the defendants are

subject for additional damages after compelling the facts. *Kentucky v. Dennison*, 65 U.S. (24

How.) 66, 104 (1861). From the beginning, the Supreme Court has assumed that its original

jurisdiction flows directly from the Constitution and is therefore self-executing without further

action by Congress, at issue was a summary procedure, without benefit of the courts, it was

argued that the assessment the various illegal judgement across the country was a judicial act

carried out by both non judicial and judicial officers and was thus invoking under Article III.

Accepting that the acts complained of were judicial, the Court must nonetheless compel the act

by distinguishing between any act, "which, from its nature, is the subject of a suit at the common

law, or in equity, or admiralty," which, in other words, is inherently judicial, and other acts that

Congress may vest in courts or in other agencies. "[T]here are matters, involving public rights,

which may be presented in such form that the judicial power is capable of acting on them, which are susceptible of judicial determination, but which Congress may or may not bring within the cognizance of the courts of the United States, as it may deem improper if the appellate court will accept unjust practice, Unjust classification because of deportability . *Ex parte Bakelite Corp.*, 279 U.S. 438, 451 (1929). The above-named parties appeals from the Illegal Judgments by the agencies action against the various illegal laws  in the U.S. District Court for the Eastern District court of Missouri that was entered on December 12, 2020 after the plaintiff release from illegal detention or for additional Opinion or for inking conspiracy claims is within this ["***Motions for Consideration or Compelling Need(s)  Or Controversies to litigate by invoking the Ant(s) Duty Mitigating Act***"] ("TADMA") or for remanded the cases to the to file to district courts or against the various criminals or for intervention rights pending appeals procedures of the United State, that also include the President of the United States ["18-CV-03039"] in the District of Kansas, and Against the Director of the Immigration Custom Enforcement ("ICE") in the District of ["*New-Hampshire*"], or In the district of [""], *Middle District of Pennsylvania*or in the ["*District of Nebraska*"], or in the ["*District of Northern of Illinois*"] and ["*Southern district of West-Virginia*"], or among the others, for the defendants performance against criminal enterprise, including the mitigating restriction on his filling his motions or for remanded the cases while appeal courts are developing the claims against facials attacks, or illegal restrictions on his legal obligation while detained by ("ICE") by illegal contract at the Moore Detention

Center in Okmulgee, Oklahoma. Thus, he is required to file a certified prison trust fund statement along with his motions, which he  did not failed to do, Normally, the courts should considered the exceptional circumstances after release from [*"**Tortured**"*] and [*"**Kidnapping**"*], and should  grant him reasonable time frame after compelling the administrative records or  days to file an amended motions that complies with the rules set out above. Moreover, plaintiff is not prohibited from applying to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) because the fifth circuit has involved in administrative Crimes, or quasi judicial by failure to follow the rules or classified him as he has filed at least three prior meritless or without justification for controversy cases before the federal courts. *See Clervrain v. Coraway*, 786 F. App'x 1 (5th Cir. 2019) (unpublished), stating:

> That section states:
>
> > *In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.*

Here, [*"**Clervrain**"*] has shown that the district courts erred in dismissal of his claims is subject to review under the ("APA") as matter of laws for applying (" MOCMA") or to allow him to litigate by electronic filling (ECF) without further additional expenses or financial burden of Mailing Motions or for serving the defendants,  or  to compel the various courts , additionally, Clervrain has not accumulated at least one, or other strike. *See Clervrain v. Stone*, No. CV 318-

028, 2018 WL 3939323, 1 (S.D. Ga. Aug. 16, 2018) (unpublished) or to justified the courts

failure to publish their findings, finally, I note that plaintiff's complaint does include a clear

statement of the claims  (*see* Fed. R. Civ. P. 8(a)(2)). Additionally, it seems as though he is

attempting to litigate issues previously decided by other courts for controversy claims or for

compelling needs or for compelling the physical injuries while he was in custody by the ("BOP")

will justified the failure by the courts to compel the administrative records could have  been the

proximate cause of the alleged violations, or that  is without the evaluation of the pattern of

misconducts for his restriction to legal mail will rebut any finding by the courts allegations or for

promoting justice , If the appeal is from an *order*, which briefly explain, or invoking of the

District Court's decision in the orders as part of the development strategy as part of the

Administrative branch investigations, and for the courts to release the administrative records

without additional fees or ["***Pacer Fees***"] or to challenged the various courts for the alleged

claimed against them by mitigating bureaucracy or If Section 1361 grants the district courts

"original jurisdiction of any action in the nature of mandamus to compel an officer or employee

of the United States or any agency thereof to perform a duty owed to the plaintiff." On appeal,

we consider de novo whether Petitioner established the legal prerequisites for mandamus relief

against the defendants actions *Azurin v. Von Raab*, 803 F.2d 993, 995 (9th Cir. 1986). Indeed,

seeking a writ of mandamus the officials,  should have brought an action in federal court

pursuant to 42 U.S.C.1983 As well as Bivens Actions alleging deprivation of federal

constitutional rights, or should have sought a writ of mandamus against Respondents in every

states or federal courts of the United States for ["*Mass Deporation*"] and ["*Incarceration*"] is

matter for public Interest for applying  Article III of the Constitution, federal courts may resolve

only actual cases or controversies. U.S. Const. art. III, § 2. If a party "has a sufficient stake in an

otherwise justiciable controversy to obtain judicial resolution of that controversy, ..." it has

standing to sue. *Sierra Club v. Morton,* 405 U.S. 727, 731-32, 92 S. Ct. 1361, 1364-65, 31 L. Ed.

2d 636 (1972). This requirement of a "personal stake" in the outcome of the controversy aids the

court by assuring the "concrete adverseness which sharpens the presentation of issues upon

which the court so largely depends for illumination of difficult constitutional questions." *Larson*

*v. Valente,* 456 U.S. 228, 238-39, 102 S. Ct. 1673, 1680-81, 72 L. Ed. 2d 33 (1982). Under the

overbreadth doctrine, "litigants may challenge a statute not because their own rights of free

expression are violated, but because the very existence of an overbroad statute may cause others

not before the court to refrain from constitutionally protected expression. [Citations.]" (*In re M.S.*

(1995) 10 Cal.4th 698, 709, 42 Cal.Rptr.2d 355, 896 P.2d 1365.) In order to not be

unconstitutionally overboard, "statutes attempting to restrict or burden the exercise of First

Amendment rights must be narrowly drawn and represent a considered legislative judgment that

a particular mode of expression has to give way to other compelling needs of society.

[Citations.]" ( *Broadrick v. Oklahoma* (1973) 413 U.S. 601, 611–612, 93 S.Ct. 2908, 37 L.Ed.2d

830.). The constitutionality of such laws should be determined by balancing the compelling

needs at stake, and then the statute did   satisfy the compelling needs against the agencies

Nationwide, as additional reliefs that the defendants, the restrictions in the present case may

amount to an unconstitutional violation on this right for the court consider the claim,  have the

authority to impose regulations on the time, place and manner in which punitive isolation

inmates communicate with the courts. _Eisenhardt v. Britton_, 478 F.2d 855 (CA5, 1973). These

regulations, however, must be based on compelling needs of prison administration and discipline,

or for the defendants to response base upon the administrative records, so that the plaintiff can

prove addiction reliefs, and for terminate his Illegal removal procedures is a matter of right can

not be disregarded by the defendants action or failure to implement laws ("TAMA") or before

the constitutionality of these restrictions is determined, the plaintiff should have the opportunity

to present further evidence concerning the justifications, or lack thereof, for these restrictions on

the right to access to the courts, this portion of the decision of the District Court must be reversed

and remanded for reconsideration the issues for controversies ., or these cases met standard for

questioning the claims. See _North River Ins. Co. v. CIGNA Reinsurance Co._, 52 F.3d 1194, 1203

(3d Cir. 1995). Additionally, the district court did  have supplemental jurisdiction under ["_28_

_U.S.C. § 1367_"] [,_28 U.S.C 1343_"] and the entire case should have been granted or as ["National

relief"] (s) on purely jurisdictional grounds against the defendants when their allegation for

conspiracy can be supported under this [_"Motion for ["Material of Facts"] or Particularly_

_Demand(s) for controversy by invoking (The Ant(s) Nationality Act_"] (TANA), the complexity

of the ambiguities, or along the numerous pages of the above, is required for mandating of

resources, they clear, when this court failed to filed motions, ["21-CV-01919"] also additional

allegation against the judicial officials by failure to review his motion for extension, ["Dkt, 9"],

that is for federal court to notify [ 21-2134"], and [21-2131"], or the are subject matters for

jurisdiction concerns, or the defendants to response  ["***The Answer Act***"] (TAA) , it certainly

based on true story, as the author mentioned before, or matter for development process, would

undermine the important polices served by the requirement of a formal written offer, or to

consider the issues properly presenting to the trial courts across the country against the various

officials, the questions involved politicians conducts, as well as judicial officials, or concern

matters of great public interest, or because the decision involves an important new point of law

which will have an effect on minimizing corruptions,  business throughout the state and will also

affect members of the public generally, if they failed to inform congress intent, or within the

related laws being challenged, *Brimmer v. Thomson*, 521 P.2d 574 (Wyo. 1974). Without

deciding whether Petitioners have standing to seek the issuance of a writ of mandamus which

requires Governor of Wyoming to implement the Wyoming Professional Review Panel Act, we

hold that the issue of whether the ["***Wyoming Professional Review Panel Act***"] is constitutional

is of great public importance and, therefore, merits a decision from the  courts must compel to

apply ["***National Reliefs***"] or pending to file additional motion after the defendants acted in good

faith by demanding equity, or for hiring additional persons in the development process against

the defendants affirmative actions *Jolley v. State Loan and Investment Bd.* 38 P.3d 1073, **1078** (Wyo. 2002).It is most significant that the Department of Health, Education, and Welfare (HEW), which provides much of the federal assistance to institutions of higher education, has adopted regulations requiring affirmative measures designed to enable racial minorities which have been previously discriminated against by a federally funded institution or program to overcome the effects of such actions and authorizing the voluntary undertaking of affirmative-action programs by federally funded institutions that have not been guilty of prior discrimination in order to overcome the effects of conditions which have adversely affected the degree of participation by persons of a particular race, then we asking the defendants across the country to prove if the claims are not applicable to them, or if whether or the predicate act within (RICO) is substantial factual allegation against their practice of Masses, be connected with the unfair practices but there could be no question as to the materiality of the contracts. As the Courts  must granted reliefs, to be clear, , as to the purpose of the Congress in enacting this Act the proposed laws  against the defendants intent to committed serious crimes, the standard is troublesome in that its prongs are somewhat contradictory. The term relationship "implies that the predicate acts were committed somewhat closely in time to one another, involve the same victim, or involve the same type of conduct, or for which the defendants can denied the effect of the various illegal laws being challenged as part of the controversy, or to prove intellect intent within meaning of arguments. *Morgan v. Bank of Waukegan,* 804 F.2d 970, 975 (7th Cir. 1986).

## PRAYER FOR RELIEF (S)

**WHEREFORE,** The plaintiff , [***Manetirony Clervrain***"] , Who is the [*"**activist(s)**"*] or

(*"**The  Ant(s)**"*); (*"**The  Humanitarian(s)**"*) ; (*"**The  father(s)**"*): (*"**The  Husband(s)**"*); (*"**The**

***Minor(s)***) : (*"**The  Children**"*) : (*"**The  Representative(s)**"*) : or (*"**The  Attorney(s)**"*): or (*"**The**

***Competent(s)***"*) ; (*"**The  Protected Classes (s)**"*) ; or (*"**The  Indigent(s)**"*) or  (*"**The  litigator(s)**"*)

or (*"**The  Speaker(s)**"*) ; or (*"**the  inventor**(s)"*) : or (*"**The  devleoper(s)**"*): or (*"**The  Declarant(s)**"*),

and  (*"**The  Brother(s)**"*]  or (*"**The  Ant**"*) prays this Honorable courts to consider these motions

with  generosity  for  terminating  his  [*"**illegal  removal**"*]; [*"**illegal  Probation**"*] [*"**vacatur  his**

***convictions***"*], as well as for pardon is conviction is matter  to be compel if evidence of Good

character, they also applicable for those to be benefited, is presenting, and permanent injunction

or general damages, and equitable reliefs against each defendants in their own jurisdiction, or for

the clerk to serve each of the Governors, Senators, and Attorney General, and the secretary of  of

he each state without additional financial burdens, that is because consolidate cases will be in the

interest of justices, or where it is applicable factor inform public interest or  in light of the

circumstances to excluded ["Non-Violent Offenders"] from future ["illegal removal"] procedures

because they are challenging governmental brutality, or Serious crimes as evidence for physical

injuries as required by the ("PLRA"), and to waiver any [*"**Pacer fees**"*] to serve the defendants

electronically, that are participating in criminal enterprise by means of secretive laws, or to

litigate without any further [*"**undue financial burdens**"*] and to question the agencies retaliation

that is proving with circumstantial of the evidence that the plaintiff is victim of crimes by the

defendants action and intentional restrict him to litigate by unjust restriction so that the evidence

will not expose to the public with this this motions as affidavit, because the evidence on the

courts records are substantial evidence by declaring that the [*"defendants"*] are very corrupted

for which this court has additional jurisdiction for questioning the merits on his cases for

controversy within these motion that being restricted by the defendants action or they are

interfering with illegal laws for additional venue by Habeas Corpus procedures under his case

[*"20-CV-00132"*], and pending for civil right litigation for consideration, see , [*"**Motion for**

**Opposition or Release Pending Appeals and Intervention by the Agencies Against Mass**

**Deportation Prohibition Act** "*] ("MDPA") or evidence for controversy by challenging the

various illegal judgments on his cases, without justification, or proper cause, of course the

plaintiff is invoking the federal circuit courts across the country for their intervention, or that is

because the restriction he could not file his cases  and, and the motions states factual allegation,

this courts should question the defendants for his controversy claims  for (TRO)  related to

protecting against future threats by [*"control theory"*], and to compel the defendant to show

cause , or until they provide the reasons that he could not litigate his cases as indigent, or at the

government expenses and  if  the ("agencies") illegal laws could have been the proximate cause

if his delayed after release from illegal detention or they intentionally, or  they are interfering

with both of his legal obligation and Immigration procedures or by refusing or restricted Pro-se

litigant to ligate his rights, or  legal material against  restriction , delay the process of the controversy to protect the public against ["*Mistreatment*"] by the (" agencies") and ("*Judicial Bureaucracy*") that are part of the conspiracy or in other  word they are involved in the ["*administrative crime*"] within the meaning of Black dictionary, in particularly if they are entitle to remand the cases to the district court for further proceeding, or to compel them as matter of right after release from illegal detention against  inadequate law library, or concentration camps to litigate complex litigation that is effecting the public interest, they are matters need to be develop within the same context of injustice, or that the defendants are serious criminal is a matter of genuine issues for compelling additional facts,  and any other reliefs the courts might find just and proper, we must held that the issue presented in the second certified question is of great public importance that merits a decision from this Courts, and we, therefore, recognize the standing to seek a declaratory judgment on that question of laws, or fact or arguable basis is within the congressional intent to provide a private federal remedy for the violation of the federal statute. We think it would similarly , or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a "rebuttable presumption" or a "proximate cause" under state law, rather than a federal action under federal law. or, in the alternative, under F.R.C.P. 9(b). The defendants must prove that his claim  under the civil (RICO) will not sustain,  for numerous reasons. Thus, the cases, as have so

many other actions in the federal courts, requires consideration of one of the most controversial

statutes existence.

Respectfully submitted,

Date: _____
　　　　　01/29/2022

S/ Manetirony Clervrain
4326 S Scatterfield Road
Suite 153
Anderson, IN 46013
765-278-9806

Date: _____
　　　　　01/29/2022

S/ Francis Cobbina Osei-Fosu
ATT: (Bradiako,Inc)
4326 S Scatterfield Road
Suite 153
Anderson, IN 46013

## CERTIFICATION OF SERVICES

**THEREBY**, I [*"Manetirony Clervrain"*], the Activist or [*"THE ANT"*] requesting for justice, and do swear, or declare on this date, ---01-------/-----29---/---2022--------, served the enclosed ["Notice (s) or [*"**Intercotor of Appeals"] or for  [Compelling Need(s Opposisition By the Ant(s) National Treaties Principal Act**] ("NTPA") on each party to the above proceeding and envelop containing the above documents in the United States mail properly addressed to each of them and with first class postage prepaid, or by delivery or Electronic to (EFC),  to a third-party commercial carrier for delivery within 3 calendar days and the name addresses of those serve is to serve them;

**United States Court of Appeals**
 **For the Seventh Circuit**
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

**United States District Court**
**Western District of Wisconsin**
120 N. Henry St., Rm. 320
Madison, WI 53703

**Kenneth T. Cuccinelli**
Formal United States Deputy Secretary of Homeland Security
500 12th St SW
Washington ,DC ,20536

**Paul Farrow**
Chairman of Repulican Party
148 East Johnson Street
Madison, WI 53703

Respectfully submitted,

Date: _____
    01/29/2022

S/ Manetirony Clervrain
4326 S Scatterfield Road
Suite 153
Anderson, IN 46013
765-278-9806

Date: _____
    01/29/2022

S/ Francis Cobbina Osei-Fosu
ATT (Bradiako, Inc)
4326 S Scatterfield Road
Suite 153
Anderson, IN 46013